IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                                FORT WORTH DIVISION

| | |
|---|---|
| ROGERIO MATA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No.4:18-CV-318-Y |
| § | |
| MARTHA UNDERWOOD, Warden, § | |
| FCI-Seagoville, § | |
| § | |
| Respondent. § | |

                              **OPINION AND ORDER**

    Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by petitioner Rogerio Matanco, then housed in FCI-Seagoville in this district.[1] Respondent Underwood filed a response with an appendix. (Resp. (Doc. 10); App. (Doc. 11-1).) After considering the pleadings and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be **DISMISSED** for lack of jurisdiction.

**I.  BACKGROUND/CLAIM FOR RELIEF**

    Petitioner Rogerio Mata was convicted in this Court in cause number 4:11-CR-192-Y on one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). (App.(doc. 11-1) at 3-

---

[1] The Bureau of Prisons (BOP) record locator shows that Mata is now housed at FMC-Rochester, in Minnesota. See www.bop.gov. record locator for Rogerio Mata, # 4375-177,last visited August 29, 2019.

7.)² On September 19, 2012, this Court imposed a sentence of 218 months' imprisonment, to run concurrently with state charges in case numbers 122547D, 1221558D, and 1221549D in Criminal District Court No. 2, Tarrant County, Texas. (*Id*. at 4.) Mata did not file a direct appeal.

In June 2014, Mata filed a motion that the Court construed as a motion under 28 U.S.C. § 2255, but when he failed to respond to a Court order, that § 2255 motion was dismissed without prejudice. See *Mata v. United States*, No.4:14-CV-568-Y (N.D. Tex. Orders entered July 23, 2014, and September 18, 2014). Mata then filed a motion for reduction of sentence under 18 U.S.C. § 3582(c) in the criminal case, which was granted, and his sentence was reduced from 218 months to 174 months. See *United States v. Mata*, No. 4:11-CR-192-Y (N.D. Tex. April 25, 2016). Mata subsequently filed other § 2255 motions that were consolidated and later dismissed with prejudice. See *Mata v. United States*, No.4:16-CV-063-Y (consolidated with No.4:16-CV-476-Y) (N.D. Tex. Nov. 8, 2017). On March 26, 2018, Mata filed a document in the criminal case styled "Formal Petition under Title 28 U.S.C. § 2241 with Consideration for Finding of 'Actual Innocence' of Sentence all upon Constitutional Claim over 'Delivery' Enhancement toward Career Status." See *United States v. Mata*, No.4:11-CR-192-Y (doc. 644). By order entered April 25, 2018, the document was filed in the above-

---

²The Court will cite the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

styled civil case as a petition seeking relief under 28 U.S.C. § 2241.(*Id*.(doc. 645).) After the issuance of a notice of deficiency, Mata filed an amended form petition for relief under § 2241. (Am. Pet. (doc. 6).)

In that petition, Mata asserts that a career-offender enhancement he received during sentencing in the underlying criminal case is subject to a vagueness challenge, such that his sentence is no longer valid as the result of recent case law. (Am. Pet. (doc. 6) at 5-6.) Mata also claims he is actually innocent of his sentence as imposed. (*Id*. at 8.)

**II. ANALYSIS**

A motion under § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(per curiam)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by

> motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West 2019). Under this "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)(per curiam).

Mata wholly fails to show that the § 2255 remedy is either inadequate or ineffective. Mata cannot rely on § 2241 merely because he is now limited in his ability to seek relief under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000)(citing *Tolliver*, 211 F.3d at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective)). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, petitioner Mata has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them for the reasons stated in the Respondent's response at 5-8. (Resp. (doc. 10) 5-8.) As noted therein, Mata's claim challenges the imposition of his sentence, but he makes no claim that he was actually convicted of a nonexistent offense. As Mata does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Accordingly, the petition seeking such relief must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379,385 (finding that a district court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

**III. CONCLUSION AND ORDER**

For the foregoing reasons, petitioner Rogerio Mata's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED September 6, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE